Matter of People of the State of New York v Dannhauser (2024 NY Slip Op 02151)

Matter of People of the State of New York v Dannhauser

2024 NY Slip Op 02151

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Ind. No. 74323/22 Index No. 453231/23 Appeal No. 2104 Case No. 2023-06818 

[*1]In the Matter of The People of the State of New York etc., Petitioner-Appellant,
v
Jess Dannhauser etc., Respondent-Respondent.

Neighborhood Defender Service of Harlem, New York (Jahnavi Bhaskar of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Brent Yarnell of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Diane Kiesel, J.), entered on or about January 8, 2024, denying the petition for a writ of habeas corpus and dismissing the proceeding, unanimously affirmed, without costs.
Petitioner was charged with attempted murder in the second degree for his alleged participation in a gang-related drive-by shooting. After petitioner was released on bail, he was arrested because he was allegedly present during a gang-related altercation. Although petitioner was not charged in that case, the bail court (Stephen Antignani, J.) found, after viewing surveillance video footage of the incident, that petitioner's conduct and disregard of its instructions to avoid gang elements and firearms indicated an enhanced flight risk (see CPL 530.60[1]). The habeas court properly determined that the bail court did not abuse its discretion in remanding petitioner pursuant to CPL 530.60(1) for good cause shown (see People ex rel. Rankin v Brann, — NY3d —, 2024 NY Slip Op 00850 [2024]), in light of the nature and seriousness of the charges, the potential sentence, petitioner's use of a firearm, the serious harm caused to a bystander who was shot and required surgery, and petitioner's failure to abide by the bail court's condition that he refrain from associating with gang members and firearms, and participating in gang-related activities (see CPL 510.10[1]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024